# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

DARRELL TATE,

                Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of Social Security Administration,

                Defendant.

No. CASE NO. C09-5302RJB

REPORT AND RECOMMENDATION

Noted for February 26, 2010

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's decision.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Darrell Tate was born in 1959 and he is currently 50 years old. Tr. 356, Mr. Tate graduated from high school, Tr. 34, and has past relevant work experience as a cold storage warehouseman, laborer for a temporary service, and checker and laborer for a bakery. Tr. 157.

REPORT AND RECOMMENDATION - 1

Plaintiff had a warehouse job for approximately ten years (June 1988 - December 1997), where his duties included driving a forklift. Plaintiff last worked in March, 2003 for Wonder Bread as a checker -- a job that also included many warehouse duties. Plaintiff currently lives with his mother and sister. Tr. 33.

On June 7, 2006, Plaintiff Darrell Tate, applied for disability insurance benefits, Title II Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") Title XVI benefits. Tr. 118-28. Mr. Tate alleges he is disabled due to diabetes, hepatitis, colitis, gall stones, high blood pressure, liver disease, heart problems, and mental illness. Tr. 137. Mr. Tate states he has been unable to work since November 4, 2003. Tr. 118.

After the applications were denied initially and upon reconsideration, plaintiff requested a review by an administrative law judge ("ALJ"), which occurred on October 30, 2008. Tr. 27-67. Plaintiff appeared and testified at a hearing before the ALJ, who subsequently rendered an unfavorable decision, dated January 15, 2009. Tr. 10-26.

The ALJ found that plaintiff had the following severe impairments: alcohol abuse, cocaine abuse, depression, psychotic disorder, cognitive disorder, mitral valve disorder, obesity, bilateral toe amputations, Hepatitis C, kidney disease, renal failure, hip pain, back pain, ankle pain, leg pain, diabetes, left foot cellulitis, and hypertension. Tr. 13. The ALJ further determined that if plaintiff stopped the substance abuse, he had retained the ability to perform sedentary work with certain limitations. For example, the ALJ restricted plaintiff to occasional climbing, balancing, stooping, kneeling, crawling, and crouching; simple, routine work; occasional contact with coworkers and supervisors and no contact with the public. Tr. 16. The ALJ concluded that he was not disabled because plaintiff could perform work as a button and notion assembler, jewelry-silver assembler, and semiconductor assembler. Tr. 24-25.

Plaintiff administratively appealed the ALJ's decision, but the Appeals Council denied plaintiff's request for review. Tr. 1-3. Accordingly, the ALJ's decision is the final administrative decision. 20 C.F.R. §§ 404.1481, 422.210.

On May 21, 2009, plaintiff filed a Complaint with this court. The matter is now before the court to review the ALJ's decision. Plaintiff challenges the ALJ's decision to deny his application for social security benefits, raising the following four claims:

(1) The ALJ allegedly failed to properly distinguish between substance abuse contributing to the disability and the disability remaining after excluding the substance abuse;

(2) The ALJ allegedly substituted her medical hunch for that of a physician;

(3) The ALJ allegedly concluded that plaintiff could perform a full range of sedentary work; and

(4) The ALJ allegedly failed to properly consider the severity of plaintiff's physical impairments in combination with his mental impairments.

## DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. <u>Id</u>.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). <u>Meanel v. Apfel</u>, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

### 1. *THE ALJ PROPERLY ASSESSED THE MATERIALITY OF PLAINTIFF'S ABUSE OF ALCOHOL*

A threshold issue in this case is whether or not the ALJ properly concluded plaintiff's alcohol and substance abuse are material to a finding of disability. On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amended various portions of the Social Security Act. Pub.L. No. 104-121, 110 Stat. 847 (1996). Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

110 Stat. at 852 (1996)(amending 42 U.S.C. § 423(d)(2)). In determining whether a claimant's alcoholism or drug addiction is material under 42 U.S.C. § 423(d)(2)(C), the test is "whether an

REPORT AND RECOMMENDATION - 4

individual would still be found disabled if she stopped using alcohol or drugs." 20 C.F.R. § 404.1535(b)(1); Sousa v. Callahan, 143 F.3d 1240, 1245 (9th Cir.1998). Materiality, however, only becomes an issue after the individual proves that he cannot perform any substantial gainful activity considering all his impairments including drugs and alcohol. Therefore, the ALJ first determines whether plaintiff's impairments, including his use of illicit drugs and/or alcohol, are disabling, and then determines whether plaintiff's impairments, absent the effects of drugs and alcohol, are disabling. Plaintiff has the burden of proving his alcoholism or drug abuse is not material to the finding of disability. Ball v. Massanari, 254 F.3d 817, 821 (9th Cir. 2001); Brown v. Apfel, 192 F.3d 492, 497-99 (5th Cir. 1999); Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir. 2000).

Plaintiff argues the ALJ erred when she found plaintiff's alcohol abuse material to both mental and physical disabilities. Opening Brief at 6. Plaintiff argues the ALJ "implicitly" rejected evidence of plaintiff's mental limitations, and failed to properly consider plaintiff's depression. Opening Brief at 8. Plaintiff further argues the ALJ did not properly analyze his diabetes and neuropathy as contributing impairments. Id.

After carefully reviewing the ALJ's decision and the record, the undersigned is not persuaded by plaintiff's arguments. Along with a detailed analysis of the medical evidence and plaintiff's credibility, the ALJ adequately explained her finding of materiality. Tr. 13-24.

First, the ALJ analyzed plaintiff's impairments, including the alcohol and substance abuse. Tr. 13-14. The ALJ found plaintiff's mental impairment(s), including his substance use disorder, were of such severity that they met the requirements of "section 12.09 of the medical listings with respect to sections 12.02, 12.03, and 12.04." *Id.* Having met the criteria of a

medical listing, plaintiff would be considered disabled without any further analysis. Plaintiff does not dispute this initial finding of disability by the ALJ.

Next, the ALJ appropriately analyzed plaintiff's impairments excluding substance abuse by discussing each of the applicable steps of the five-step administrative process. The ALJ considered whether plaintiff's impairments, absent the effects of alcohol, were equally severe -- a step-two analysis. Tr. 14. The ALJ found plaintiff would have severe impairments due to depression, psychotic disorder, cognitive disorder, mitral valve disorder, obesity, bilateral toe amputations, Hepatitis C, kidney disease and acute renal failure, hip pain, back pan, ankle pain, leg pain, diabetes, left foot cellulitis, and hypertension. *Id*. These are the same types of severe impairments, with the exception of alcohol abuse and cocaine abuse, found by the ALJ in her previous uncontested analysis and the medical evidence supports this threshold finding.

At step-three, in stark contrast to her evaluation of plaintiff's impairments including substance abuse, the ALJ concluded impairments or combination of impairments did not meet any of the criteria of a "Listed" impairment. Tr. 14. Turning to the issue of plaintiff's residual functional capacity ("RFC"), the ALJ stated plaintiff was able to perform sedentary work limited to (i) occasional climbing, balancing, stooping, kneeling, crawling, and crouching; (ii) the need to avoid concentrated exposure to extreme cold and vibrations; (iii) simple routine work; and (iv) occasional contact with coworkers and supervisors, but no contact with the public. Tr. 16.

Turning to step four, whether or not plaintiff retained the ability to perform past relevant work, the ALJ found that absent plaintiff's substance abuse, plaintiff would not be able to perform past work as a material handler or order picker. Tr. 24. The ALJ found that plaintiff was not disabled, at step-five, because plaintiff would be able to perform other jobs in the national economy. Tr. 24. The vocational expert testified at the administrative hearing that

REPORT AND RECOMMENDATION - 6

plaintiff would be able to perform work as a button and notion assembler, jewelry-silver assembler, or semiconductor assembler. Tr. 25, 62-64.

Contrary to plaintiff's assertion that the ALJ arbitrarily dismissed the severity of plaintiff's impairments absent his substance abuse, substantial evidence relied upon by the ALJ supports her findings regarding the materiality of plaintiff's substance abuse. A detailed discussion of the medical evidence is set forth below. An example of the evidence supporting the ALJ's decision is provided by Dr. Anita Peterson, who opined in November 2006 that if plaintiff stopped the substance use he would have impairments resulting in moderate restrictions of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and no episodes of decompensation. Tr. 15, 23, 444-461. Although plaintiff may have moderate disabilities, it is reasonable to conclude that plaintiff retained some ability to perform certain vocations.

In sum, the undersigned finds no legal error in the ALJ's decision finding plaintiff's substance abuse material to the issue of disability. Moreover, the ALJ's decision is properly supported by substantial evidence in the record.

### *2. THE ALJ PROPERLY WEIGHED AND CONSIDERED THE MEDICAL EVIDENCE*

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th

Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." Id.

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a non-examining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). The ALJ may not, however, substitute his or her own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a non-examining physician's testimony, but in addition, the ALJ relied on laboratory test

REPORT AND RECOMMENDATION - 8

results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff alleges the ALJ erroneously substituted her "medical hunch" for that of a physician to down grade the severity of plaintiff's physical and mental limitations and conclude that his impairments would not preclude him from working if he stopped abusing alcohol. Opening Brief at 10-11. The undersigned is not persuaded.

The ALJ discussed the medical evidence in detail. The ALJ properly discounted medical opinions that suggested plaintiff was more severely limited than found by the ALJ, based on plaintiff's credibility, plaintiff's activity levels, and other medical findings supporting the finding that plaintiff was able to perform certain types of work.

For example, the ALJ stated, "The credibility of the claimant's allegations of psychotic symptoms is also undermined by his frequent dishonesty regarding his alcohol use." Tr. 20. Plaintiff does not challenge the ALJ's credibility assessment, and it is important to note that the ALJ discounted the medical opinions (specifically, the opinions of Dr. Sarlud-Heinrich, Dr. Press) that were based on plaintiff's exaggerated or untruthful reports.

With respect to plaintiff's mental health, the ALJ relied on the consulting opinion of Dr. Peterson regarding plaintiff's mental health, dated November 2006. Dr. Peterson stated that plaintiff could work in a non-public setting, accept supervision, and follow instructions that were brief and specific. Tr. 23, 444-46. Dr. Peterson also opined that plaintiff could adapt to low-pressure work settings and stated that he would need guidance only to make major decisions. Id. The ALJ noted that she agreed with most of Dr. Peterson's assessment but found that plaintiff only had mild limitations in activities of daily living given that plaintiff was able to care for his

REPORT AND RECOMMENDATION - 9

personal needs, prepare simple meals, go shopping with his son, take the bus, and watch television (Tr. 15, 438-42).

The ALJ also accepted the State agency psychological assessment performed by another consultant, Dr. Eather, in February, 2007. Tr. 22, 558-65. The ALJ noted that Dr. Eather found that plaintiff could perform sedentary work, with some postural and environmental restrictions. Tr. 22. The ALJ also noted that Dr. Eather's opinion was "generally consistent with the opinions of the claimant's treating providers." *Id*. The medical record supports the ALJ's statement that Dr. Eather's assessment is consistent with other medical records, which documented minimal mental health complaints since plaintiff became relatively clean and sober. Tr. 15, 23-24, 350-357, 363, 438-442, 857-1127.

With respect to plaintiff's physical impairments, the ALJ relied upon the exam of Dr. Leon, performed in June 2008. Tr. 22. The ALJ wrote:

> Dr. Leon opined that the claimant could perform sedentary work, with additional postural restrictions (Exhibit B36F). The undersigned gives significant weight to Dr. Leon's opinion. First, the opinion is supported by examination findings. Second the opinion is consistent with the majority of the other opinions in the record. Finally, the opinion reflects the claimant's physical functioning after his amputations and since he began experiencing diabetic neuropathy symptoms.

*Id*.

Substantial evidence in the record supports the ALJ's reliance on Dr. Leon's report. In 2004, Dr. Posadas examined and reported three separate times that plaintiff was physically able to perform sedentary work. Tr. 286-87; 288-91; 301-04. Dr. Landy examined plaintiff in December 2005 and similarly concluded he would be able to perform sedentary work. Tr. 344-49; 426. In June 2006, Dr. Louis also found plaintiff capable of sedentary work. Tr. 368-71. Dr. Hoskins reviewed plaintiff's medical records on February 14, 2007, and he opined, "If he does not drink, he would be expected capable of sedentary to light work." Tr. 565. Finally, Dr.

REPORT AND RECOMMENDATION - 10

Leon examined plaintiff in June 2008, and he found plaintiff capable of sedentary work. Tr. 839-44.

After reviewing the record, the ALJ's consideration of the medical evidence and findings is properly supported by substantial evidence. The undersigned finds no legal errors in the ALJ's analysis of the medical opinion evidence.

### 3. *THE ALJ PROPERLY CONCLUDED PLAINTIFF RETAINED THE ABILITY TO PERFORM A FULL RANGE OF SEDENTARY WORK WITH CERTAIN PHYSICAL RESTRICTIONS*

The ALJ found plaintiff was able to perform sedentary work limited to (i) occasional climbing, balancing, stooping, kneeling, crawling, and crouching; (ii) the need to avoid concentrated exposure to extreme cold and vibrations; (iii) simple routine work; and (iv) occasional contact with coworkers and supervisors, but no contact with the public. Tr. 16.

Plaintiff argues the ALJ's decision was made in error. Plaintiff argues:

> The ALJ failed to consider all symptoms and the extent to which Mr. Tate's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7. A review of the Claimant's serious medical impairments would support the contention that they are permanent, progressive and not reversible despite any abstinence of alcohol.

Opening Brief at 12.

Plaintiff's contention is premised on the arguments that the ALJ failed to properly consider the materiality of plaintiff's substance abuse and the ALJ failed to properly consider the medical evidence. As discussed above and below, the ALJ did not err when she concluded that plaintiff was capable of performing sedentary work when plaintiff's impairments are considered, excluding his abuse of drugs and alcohol.

REPORT AND RECOMMENDATION - 11

### *4.  PLAINTIFF'S IMPAIRMENTS DO NOT MEET OR EQUAL LISTING 9.08A.*

Lastly, plaintiff argues the ALJ's erroneous evaluation of the medical evidence is the basis of her not properly finding that plaintiff's diabetes meets the requirements of Listing 9.08. Opening Brief at 15-16.

As discussed above, the court does not find any error in the ALJ's consideration of the materiality of plaintiff's substance abuse. Similarly, the medical evidence does not support a finding that plaintiff's impairments, separately or in combination, met or equaled the requirements of Listing 9.08A.

In order to meet or equal Listing 9.08A, the following must be present:

> Neuropathy demonstrated by significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station (see 11.00C).
>
> 11.00C: Persistent disorganization of motor function in the form of paresis or paralysis, tremor or other involuntary movements, ataxia and sensory disturbances (any or all of which may be due to cerebral, cerebellar, brain stem, spinal cord, or peripheral nerve dysfunction) which occur singly or in various combinations, frequently provides the sole or partial basis for decision in cases of neurological impairment. The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands and arms.

20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 9.08A, 11.00C. The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, plaintiff's diabetes is not severe to the degree that it meets or equals the listing. The ALJ specifically addressed the evidence pertaining to Listing 9.08. Tr. 15-18. As noted above, the ALJ stated that plaintiff had diabetes and some problems with diabetic neuropathy. Tr. 15. However, there is no evidence that his neuropathy reached the severity level described

under section 9.08. Tr. 15. The ALJ noted that none of plaintiff's treating providers opined that he was so severely limited by his physical impairments. (Tr. 15, 286-91, 301-04, 344-49, 368-71, 839-44).

The ALJ correctly noted that plaintiff had a history of lower extremity problems, including bilateral toe amputations, left foot cellulitis, diabetic neuropathy, and musculoskeletal pain in his left hip, ankle, and foot. Tr. 17-18. However, physical examinations indicated that he did not have any limitations sitting. Tr. 17-18. The ALJ also correctly noted that while plaintiff may have some difficulty performing prolonged standing or walking, he testified that he was able to ambulate with the assistance of a cane. Tr. 18, 57. Moreover, as noted extensively above, numerous health care providers concluded that despite plaintiff's impairments, he was still capable of sedentary work. Tr. 19, 21-22, 286-87, 288-91, 301-04, 344-49, 368-71, 426, 558-65, 839-44.

The ALJ's discussion regarding the Listings was sufficient in light of the evidence presented. Tr. 15-18. Plaintiff has failed to establish credible findings necessary to equal any Listing based on his impairments. Accordingly, the ALJ properly evaluated the Listings at Step three of the sequential evaluation process.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the administrative decision. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on February 26, 2010, as noted in the caption.

DATED this 1st day of February, 2010.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge