UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL TATE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

CASE NO. C09-5302RJB

ORDER ADOPTING REPORT AND RECOMMENDATION

The matter comes before the Court on the Report and Recommendation of Magistrate Judge J. Richard Creatura (Dkt. 17), objections to the report and recommendation (Dkt. 21), response to objections (Dkt. 22) and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2006, Plaintiff Darrel Tate applied for disability insurance benefits, Disability Income Benefits ("DIB") Title II and Supplemental Security Income ("SSI") Title XVI benefits. Dkt. 17, p. 2. Plaintiff alleged he was disabled due to diabetes, hepatitis, colitis, gall stones, high blood pressure, liver disease, heart problems, and mental illness. *Id*. Plaintiff states that he has been unable to work since November 4, 2003. *Id*.

Plaintiff's applications were denied initially and upon reconsideration. Dkt. 17, p. 2. Plaintiff then requested a review by an administrative law judge ("ALJ"), which occurred on

October 30, 2008. *Id*. Plaintiff appeared and testified at a hearing before the ALJ which resulted in an unfavorable decision on January 15, 2009. *Id*.

The ALJ found that the Plaintiff had the following severe impairments: alcohol abuse, cocaine abuse, depression, psychotic disorder, cognitive disorder, mitral valve disorder, obesity, bilateral toe amputations, Hepatitis C, kidney disease, renal failure, hip, ankle and leg pain, left foot cellulitis, and hypertension. Dkt. 17, p. 2. The ALJ determined that if the Plaintiff stopped the substance abuse, he would have the ability to perform sedentary work with certain limitations. *Id*. The ALJ concluded that he was not disabled because Plaintiff could perform work as a button and notion assembler, jewelry-silver assembler, and semiconductor assembler. *Id*. Plaintiff administratively appealed the ALJ's decision, but the Appeals Council denied Plaintiff's request for review. Dkt. 17, p. 3. Accordingly, the ALJ's decision is the final administrative decision. *Id*.

On May 21, 2009, the Plaintiff filed a Complaint with this Court. Dkt. 17, p. 3. Plaintiff challenges the ALJ's decision to deny his application for social security benefits, alleging the following:

> (1) The ALJ failed to properly distinguish between substance abuse contributing to the disability and the disability remaining after excluding the substance abuse;
> (2) The ALJ substituted her medical hunch for that of a physician;
> (3) The ALJ concluded that plaintiff could perform a full range of sedentary work; and
> (4) The ALJ failed to properly consider the severity of plaintiff's physical impairments in combination with his mental impairments.

Dkt. 17, p. 3.

On February 1, 2010, Magistrate Judge J. Richard Creatura issued a Report and Recommendation affirming the administrative decision to deny benefits to Plaintiff. Dkt. 17. The Report and Recommendation found that the ALJ properly assessed the materiality of

Plaintiff's abuse of alcohol, properly weighed and considered the medical evidence, properly concluded the Plaintiff retained the ability to perform a full range of sedentary work with certain physical restrictions; and that the Plaintiff's impairments do not meet or equal the requirements of Listing 9.08.  Dkt. 17.

On March 25, 2010, the Plaintiff filed Objections to the Report and Recommendation.  Dkt. 21.  The Plaintiff specifically objects to the determination that the ALJ properly assessed the materiality of Plaintiff's abuse of alcohol, and properly weighed and considered the medical evidence.  Dkt. 21, p. 2-3.  The Plaintiff argues that the Report and Recommendation failed to sufficiently address Plaintiff's assertions(s) supporting a conclusion that his alcohol abuse was not material to finding of disability.  Dkt. 21, p. 3.  The Plaintiff also argues that the ALJ erroneously used the Plaintiff's lack of credibility as a factor in discounting the opinion of his treating physicians.  Dkt. 21, p.5.  The Plaintiff concludes the he cannot sustain employability because he is severely disabled by a combination of impairments that are supported by the weight of the medical evidence.  Dkt. 21, p. 6.

On March 29, 2010, the Defendant filed a response to Plaintiff's objections.  Dkt. 22.  The Defendant refers the Court to Defendant's opening brief to the Magistrate Judge (Dkt. 16) in response to Plaintiff's objections.  The Defendant argues that the ALJ's findings were based on substantial evidence and were free of legal error.  Dkt. 16.

The Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389,

ORDER - 3

401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less that twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The ALJ properly assessed the materiality of Plaintiff's abuse of alcohol. The ALJ adequately explained her findings of materiality based on the review of the record as a whole. The ALJ performed a detailed and thorough analysis of the materiality of the medical evidence and the credibility of the Plaintiff. The ALJ's findings were supported by substantial evidence and there is no clear legal error in her analysis.

The ALJ properly weighed and considered the medical evidence. Generally, the treating physician's opinion is given more weight than a non-treating physician. *Lester v. Chater*, 81

F.3d 821, 830 (9th Cir. 1996).  However, the ALJ is entitled to resolve conflicts in the medical evidence.  *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating doctor's opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record.  *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).  The ALJ may rely upon laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion, in addition to the non-examining physician's testimony, in the rejection of a treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 751-55 (9th Cir. 1989).

Here, the ALJ provided a detailed analysis of the medical record and the credibility of the Plaintiff in resolving the conflict in the record.  The ALJ gave specific and legitimate reasons for her finding, and the finding was supported by substantial evidence in the record.  For the foregoing reasons, the Report and Recommendation should be adopted.

### III. ORDER

The Court does hereby find and ORDER:

(1)     The Court **adopts** the Report and Recommendation (Dkt. 17);

(2)     The administrative decision is **AFFIRMED**; and

(3)     The Clerk is directed to send copies of this Order to counsel of record.

DATED this 21st day of April, 2010.

/s/ Robert J. Bryan

ROBERT J. BRYAN
United States District Judge